Eastern District of Kentucky
**FILED**

OCT 27 2022

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## PIKEVILLE

**UNITED STATES OF AMERICA**

V.  INDICTMENT NO. 7:22-cr-019-REW

**GARY D. WARICK**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

### COUNT 1
### 21 U.S.C. § 846

In or about April 2022, the exact date unknown, and continuing until May 04, 2022, in Johnson County, in the Eastern District of Kentucky,

**GARY D. WARICK**

did conspire with others to knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

Before the Defendant committed the offense charged in this count, he was previously convicted under state law of the following serious drug felony: 2010 Trafficking in Controlled Substance First Degree—for which he served more than 12 months imprisonment and for which he was released from serving any term of imprisonment

related to that offense within 15 years from the commencement of the instant offense.

## COUNT 2
## 21 U.S.C. § 841(a)(1)

On or about April 26, 2022, in Johnson County, in the Eastern District of Kentucky,

### GARY D. WARICK

did knowingly and intentionally distribute a mixture or substance containing a detectible amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 3
## 21 U.S.C. § 841(a)(1)

On or about May 03, 2022, in Johnson County, in the Eastern District of Kentucky,

### GARY D. WARICK

did knowingly and intentionally distribute 50 grams or more of a mixture or substance containing a detectible amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before the Defendant committed the offense charged in this count, he was previously convicted under state law of the following serious drug felony: 2010 Trafficking in Controlled Substance First Degree—for which he served more than 12 months imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years from the commencement of the instant offense.

## COUNT 4
## 21 U.S.C. § 841(a)(1)

On or about May 04, 2022, in Johnson County, in the Eastern District of Kentucky,

**GARY D. WARICK**

did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectible amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before the Defendant committed the offense charged in this count, he was previously convicted under state law of the following serious drug felony: 2010 Trafficking in Controlled Substance First Degree—for which he served more than 12 months imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years from the commencement of the instant offense.

## FORFEITURE ALLEGATION
## 21 U.S.C. § 853

By virtue of the commission of the felony offenses alleged in Counts 1-4 of the Indictment, **GARY D. WARICK** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that **GARY D. WARICK** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

1.   The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**

$3,250.00 in United States currency seized from **GARY D. WARICK** on May 04, 2022.

2.  If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

███████████████████
FOREPERSON

_[signature] / for_
CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

## PENALTIES

### Counts 1, 3, and 4:

Not less than 5 years nor more than 40 years imprisonment, a fine of not more than $5,000,000, and at least 4 years supervised release.

> **IF PRIOR CONVICTION FOR A SERIOUS DRUG OR VIOLENT FELONY:** Not less than 10 years nor more than life imprisonment, not more than a $8,000,000 fine, and at least 8 years supervised release.

### Count 2:

Not more than 20 years imprisonment, a fine of not more than $1,000,000, and at least 3 years supervised release.

> **IF PRIOR CONVICTION FOR A FELONY DRUG OFFENSE:** Not more than 30 years imprisonment, a fine of not more than $2,000,000, and at least 6 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of listed property.

**PLUS:** Restitution, if applicable.